# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason Browning,**
**Petitioner Below, Petitioner**

**FILED**

**February 18, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0558** (Mingo County 10-C-248)

**Evelyn Seifert, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason Browning, by counsel Susan J. Van Zant, appeals an order of the Circuit Court of Mingo County entered April 26, 2013, which denied his motion for reconsideration of a previous circuit court order denying his petition for a writ of habeas corpus. Respondent Evelyn Seifert, Warden, by counsel Laura Young, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2005, petitioner was indicted by a Mingo County Grand Jury on sixteen counts of sexual abuse by a parent, guardian, or custodian, and sixteen counts of third degree sexual assault involving two twelve-year old sisters. Petitioner, who was then twenty-four years old, was the boyfriend of the victims' mother. Both victims contracted a sexually-transmitted disease from petitioner and one of the victims became pregnant. The sexual acts at issue occurred from March to October of 2004.

On December 1, 2005, petitioner entered into a plea agreement[1] in which he agreed to plead guilty to two counts of sexual abuse by a parent, guardian, or custodian, and two counts of sexual assault in the third degree. In exchange for the guilty plea, the State agreed to dismiss the remaining counts of the indictment. The plea agreement also provided that the State would recommend the statutory sentence of not less than ten nor more than twenty years of incarceration for each count, and would further recommend the statutory sentence of not less than one nor more than five years of incarceration for each count of sexual assault in the third degree. Additionally, the plea agreement provided that the State would recommend that the

---

[1]The plea agreement was not made a part of the appellate record.  The relevant facts recounted herein regarding the terms of the plea agreement are derived from the Final Order Denying Omnibus Petition for Writ of Habeas Corpus, entered January 18, 2013.

1

sentences for sexual abuse by a parent, guardian, or custodian run concurrently to each other and that the sentences for third degree sexual assault would run consecutively to each other and consecutively to the sentences for sexual abuse by a parent, guardian, or custodian.

Following the January 9, 2006 sentencing hearing, the circuit court ordered petitioner sentenced to not less than ten nor more than twenty years of incarceration for each count of sexual abuse by a parent, guardian, or custodian, and not less than one nor more than five years of incarceration for each count of sexual assault in the third degree.[2] The sentences were ordered to run consecutively. Petitioner's request for probation and alternative sentencing was denied.

On August 6, 2010, petitioner filed a petition for writ of habeas corpus alleging multiple grounds as set forth on the Checklist of Grounds for Post Conviction Habeas Corpus Relief. *See Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981). Petitioner filed an amended habeas petition on August 22, 2012, alleging, in relevant part, claims of ineffective assistance of counsel and lack of mental competency at the time of the crime due to heavy drug use.

Following an omnibus hearing, the circuit court denied petitioner's petition for writ of habeas corpus by final order entered January 18, 2013. Petitioner's motion for reconsideration was denied by order entered April 26, 2013. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 377, 701 S.E.2d 97, 99 (2009).

On appeal, petitioner argues that he was denied effective assistance of counsel during the plea proceedings because his previous counsel failed to properly advise him that the circuit court was not bound to sentence him strictly according to the terms of the plea agreement; failed to effectively communicate the options available to petitioner with regard to trial and entering a plea; and failed to communicate the possibility of negotiating the plea to a lesser included offense. Petitioner argues that had he been completely informed, he would have chosen a jury trial and that, in effect, his guilty plea was entered into involuntarily.

With regard to claims of ineffective assistance of counsel, this Court has previously held as follows:

---

[2]The circuit court also imposed monetary fines.

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point [5], *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114, (1995).

Syl. Pt. 3, *Ballard v. Ferguson*, __ W.Va. __, __, 751 S.E.2d 716, 717 (2013). This Court further held that

"In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 6, *State v. Meadows*, 231 W.Va. 10, __, 743 S.E.2d 318, 321 (2013). Finally, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Miller*, 194 W.Va. at 15, 459 S.E.2d at 126 (quoting *Strickland v. Washington*, 466 U.S. at 689).

In his second and final assignment of error, petitioner argues that, due to heavy drug use, he lacked mental competency with respect to his sexual contact with one of the victims.[3] Petitioner contends that although he believes he had sexual contact with the victim, he claims he was intoxicated and on drugs at the time and does not remember what occurred. He also argues that, when he entered into the plea agreement, he had only been sober for a brief period of time.

In its forty-five page order denying petitioner's petition for writ of habeas corpus entered January 18, 2013, the circuit court specifically addressed the assignments of error raised in the present appeal.[4] Our review of the circuit court's order and the record before us reflects no clear

---

[3]In contrast, with respect to the victim who became pregnant, petitioner does not claim lack of mental competency with regard to his sexual contact with her.

[4]In addition to the assignments of error raised in the instant appeal, the circuit court's order also addressed the following issues: double jeopardy; improper venue; pretrial delay; faulty indictment; the State's knowing use of perjured testimony; claims concerning the use of informers to convict; constitutional errors in evidentiary rulings; petitioner's absence from part of the proceedings; improper communications between prosecutor or witness and jury; refusal to turn over witness notes after witness had testified; excessive sentence; consecutive sentences for the same transaction; severer sentence than expected; unfilled plea bargain; sufficiency of the evidence; erroneous information in the presentence report; conflict of interest with the

error or abuse of discretion. Accordingly, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's January 18, 2013, Final Order Denying Omnibus Petition for Writ of Habeas Corpus to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

prosecuting attorney's office; language barrier to understanding the proceedings; mistaken advice of counsel as to parole or probation eligibility; involuntary guilty plea, coerced confession, and question of actual guilt upon an acceptable plea; and suppression of helpful evidence by the prosecutor.